IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-CV-00718-LTB-KLM

CONNIE CHAVEZ,

    Plaintiff,

v.

LANDMARK COMMUNITY NEWSPAPERS, INC., a corporation conducting business in Colorado; and
EVERGREEN NEWSPAPER GROUP, a division of Landmark Community Newspapers, Inc. conducting business in Colorado under this name;

    Defendants.

## PROTECTIVE ORDER

It is hereby ORDERED that this Protective Order shall govern all discovery herein:

1. A party or third party may designate as "Confidential" any document, testimony, or other discovery material that contains a trade secret or other confidential technical, financial, medical, personal, or proprietary business information to which the producing party or producing third party in good faith believes access should be limited as described in Paragraph 2. "Confidential" material, as used herein, shall refer to any so designated document, testimony or other discovery materials and all copies thereof, and shall also refer to the information contained in such materials. No designation shall be made unless counsel of record or the person signing the applicable discovery response or certificate of compliance with subpoena believes in good faith that the designated material is in fact or contains a trade secret or other confidential or proprietary information.

2. Discovery materials designated "Confidential" shall be maintained in confidence by the parties to whom such materials are produced and shall not be disclosed to any person except:

102480 1
20677/5

    a.    the Court and its officers and employees;

    b.    litigation counsel of record and employees of such counsel, including, but not limited to, paralegals and clerical personnel;

    c.    parties or witnesses to whom counsel of record believes in good faith it is necessary for the purposes of the prosecution or defense of the claims in this litigation to disclose materials designated "Confidential," provided that, prior to disclosure, each such person shall execute the Confidentiality Agreement attached hereto as Exhibit 1; and

    d.    third party experts engaged by counsel or the parties to assist in this litigation provided that, prior to disclosure, each such third party expert shall execute the Confidentiality Agreement attached hereto as Exhibit 1.

3.    Nothing in this Protective Order shall be taken as indicating that any discovery materials are in fact "Confidential" or entitled to confidential treatment. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto and shall not be deemed an admission that any material is confidential or contains trade secrets. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the producing party or producing third party of materials designated "Confidential," the parties shall try first to resolve such disputes in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, and the party or third party asserting confidentiality shall have the burden of proving the same.

4.    No designation of "Confidential" material shall be effective unless there is placed or affixed on each page of such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" notice. Testimony given at a deposition may be so designated by an

appropriate statement at the time of the giving of such testimony. Such designations should be made on the record whenever possible, but a party or third party may designate portions of depositions as "Confidential" after transcription, provided written notice of such designation is given to all parties within a ten (10) day period after receipt of the transcript of the proceedings. All deposition transcripts shall be treated as "Confidential" for a period of twenty (20) days after the receipt of the transcript of the proceedings or until receipt of the notice referred to in this paragraph, whichever occurs first.

5.  Only persons qualified under Paragraph 2 of this Protective Order and the court reporter present to record the deponent's testimony will be allowed to attend that portion of any deposition in which material designated as "Confidential" is used with or elicited from the deponent.

6.  All discovery material (and the information contained therein), whether designated "Confidential" or not so designated, shall be used by the person receiving it solely for the prosecution or defense of the claims in this litigation or any appeal therefrom.

7.  Nothing shall prevent disclosure beyond the terms of this Protective Order if the party or third party designating the information as "Confidential" consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

8.  The parties or third parties may designate discovery material as "Confidential" after it has been produced and erroneously not designated as "Confidential" by providing written notice of such designation to the parties that received such discovery material. Such discovery material shall be considered designated "Confidential" from the time of receipt of such written notification forward.

9.  Nothing in this Protective Order shall require disclosure of any material which counsel for any party or third party contends is protected from disclosure by the attorney-client

privilege or the work product doctrine. The entry of this Protective Order does not waive an objection, otherwise available to a party or third party, that a discovery request is unreasonably burdensome or harassing.

10. All "Confidential" material shall be stored under the direct control of persons qualified under Paragraph 2 of this Protective Order and such persons shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Protective Order.

11. Within sixty (60) days after the conclusion of this litigation or the final conclusion of any appeal taken from a final judgment in this action, the original and/or copies of all "Confidential" documents and things produced by a party or third party, attached to motions, or marked as deposition exhibits shall be destroyed with affidavit of destruction or returned to the producing party or producing third party, at the option of the party to whom such documents and things have been produced. Notwithstanding the above, litigation counsel of record shall have the right to retain one copy of each document produced during discovery as an archival file copy, provided that such copies are maintained in a manner consistent with this Protective Order. Insofar as the provisions of this Protective Order restrict the communication or use of the documents produced hereunder, this Protective Order shall continue to be binding after the conclusion of this litigation except that a party may seek the written permission of the producing party or producing third party to waive any restrictions.

12. Nothing contained in this Protective Order shall be construed to prejudice any party's right to use any "Confidential" material in any hearing before the Court, provided that, before such proposed use of any "Confidential" material, reasonable notice is given to the producing party or producing third party so that the party or third party opposing any such use may apply to the Court for further protection of the confidentiality of such material. "Confidential" material, when used in

any hearing before the Court, shall not lose its "Confidential" status through such use, and the participants and witnesses shall take all steps reasonably required to protect its confidentiality during such use and otherwise.

13. No "Confidential" material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such material, shall be filed in a sealed envelope and kept under seal by the Court until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

14. To facilitate compliance with this Protective Order, material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

15. Nothing in this Protective Order shall prohibit the transmission or communication by hand delivery of "Confidential" information between or among persons qualified under Paragraph 2 of this Protective Order, in face to face conferences, or

    a. in sealed envelopes or containers via the mails or an established freight delivery or messenger service; or

    b. by telephone, telegram, facsimile, e-mail, or other electronic transmission system;

if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified person under either Paragraph 2 of this Protective Order.

16.  The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior to and subsequent to entry by the Court.

ENTER this __1ST__ day of __April__, 2008.

*[signature]* Kristen L. Mix

Honorable ~~Lewis T. Babcock~~ Kristen L. Mix

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

SO STIPULATED:

Date: __3-31-08__

*[signature]*

Ashley C. Pack
Jason M. Nutzman
DINSMORE & SHOHL LLP
PO Box 11887
Charleston, WV 25339
Telephone: (304) 357-0900
ashley.pack@dinslaw.com
jason.nutzman@dinslaw.com

and

W. V. Bernie Siebert
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
(303) 299-8222
(303) 298-0940 (fax)
bsiebert@sah.com

*Counsel for Defendants Landmark Community Newspapers, Inc. and Evergreen Newspaper Group*

Date: __1-10-07__

*[signature]*

Karen Hendrick Larson
1120 Lincoln Street, Suite 711
Denver, CO 80203
*Counsel for Plaintiff, Connie Chavez*

102480_1
20677/5

- 6 -

2. I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information. If I fail to abide by the terms of this Confidentiality Agreement or the Protective Order, I understand that I may be subject to sanctions under the contempt powers of this Court, as well as any remedy provided under law.

January 10, 2008
Dated

_Connie Chavez_
Signature

CONNIE CHAVEZ
Printed Name

_____
Address

_____
Individual or Entity Represented

Subscribed and sworn to before me this
10 day of January, 2007.

Witness my hand and official seal.

_Richard M. Scholl_
Notary Public
My Commission Expires: 4/26/11

[Notary Seal: RICHARD M. SCHOLL, NOTARY PUBLIC, STATE OF COLORADO]
My Comm. Exp. 04-26-2011